UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James Paul Aery,

        Plaintiff,

v.

Tom Kasper, Troy Coyle,
Beltrami County,

        Defendants.

Case No. 22-cv-1159 (NEB/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendant Beltrami County's Motion to Dismiss. [Docket No. 12]. On August 23, 2022, the Court took Defendant's Motion under advisement on the parties' written submissions. (Order, [Docket No. 21]). For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 12], be **GRANTED**.

**I.    Relevant Procedural History and Factual Background**

Plaintiff initiated the present action on May 2, 2022, by filing his Complaint. (Complaint, [Docket No. 1]). Plaintiff names as Defendants Tom Kasper, Troy Coyle, and Beltrami County, and alleges that on an unknown date an excessive amount of force was used to restrain him in violation of his constitutional rights. Specifically, while he was detained at the Beltrami County Jail, Plaintiff alleges that Defendant Kasper and Defendant Coyle "hog-tied" Plaintiff by binding his wrists and ankles behind his back with "metal . . . handcuffs" and "a chain connecting them" because he was "being loud and boisterous . . . and jumping up and down on a shelf in [his] cell." (Id. at p. 4). Plaintiff alleges that he was then carried "suspended face-down" from his cell to a

"suicide watch tank" while he was "screaming for help." (Id.). Plaintiff was also "tasered . . . in each of [his] buttocks," which caused "bleeding to the point where [his] white boxers looked like vampire bites." (Id. at p. 5). Thereafter, Plaintiff alleges that he was placed back into his cell. (Id.). Plaintiff alleges that the handcuffs were so "excessively applied" that his wrists, ankles, and buttocks were "sore for weeks." (Complaint, [Docket No. 1], at p. 5). Plaintiff also alleges that, despite it occurring "so long ago," Plaintiff "can't stop remembering the incident," but he also "can't remember the year and nobody at the jail will provide [him] with details." (Id. at p. 6).

As to Defendant Beltrami County, Plaintiff alleges that it "failed to train and/or supervise" Defendants Kasper and Coyles such that Defendant Beltrami County was complicit in their violations of Plaintiff's rights. (Id. at p. 8). Plaintiff further alleges that Defendant Beltrami County: 1) failed to recompense Plaintiff for the "harm" he suffered; 2) had knowledge or should have known of Defendant Kasper's behaviors because "other jailers and bailiffs" referred to him as "Taser Tom"; 3) had a "practice and policy/custom (written or not) of protecting those in authority"; and 4) "perpetuated the harm" against Plaintiff because he reported "these issues" and "never [got] justice." (Id. at pp. 7-8). Plaintiff further alleges that "the individuals [who] act[ed] inappropriately" were further "empower[ed] and embolden[ed]" because Defendant Beltrami County did not have "a formal way to report abuses or discipline employees publicly." (Id. at p. 8). Plaintiff also alleges that other employees witnessed Defendant Beltrami County's "practice of protecting one-another, . . . [with] restraints . . . not [being] placed on abuse." (Complaint, [Docket No. 1], at pp. 8-9). Lastly, Plaintiff alleges that Defendant Beltrami County failed to "involv[e] itself in the day-to-day . . . to monitor, advise, and correct . . . these ethically unconscionable behaviors." (Id. at p. 9).

2

Based on the allegations in his Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants Kasper and Coyle for a violation of his constitutional rights against excessive force under the Eighth Amendment and Fourteenth Amendment; and a Monell[1] claim against Defendant Beltrami County. (Id. at p. 3).

On June 21, 2022, after having been served with process, Defendant Beltrami County filed the present Motion to Dismiss in lieu of filing its Answer to the Complaint. [Docket Nos. 10, 12].

## II.    Defendant Beltrami County's Motion to Dismiss

Defendant Beltrami County's Motion to Dismiss, [Docket No. 12], seeks an Order of this Court dismissing Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 12]. In support, Defendant Beltrami County argues that Plaintiff's Complaint fails to state a plausible claim for relief because: 1) it does not identify a specific date of incident; and 2) the allegations against Defendant Beltrami County, as well as, the individual defendants, are insufficient to support § 1983 claims against them. (Def.'s Mem., [Docket No. 15]).

### A.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (citations and internal quotation marks omitted). In addition to accepting all of the factual allegations in the complaint as true, courts considering a Rule 12(b)(6) motion to dismiss draw all reasonable inferences in the plaintiff's favor, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (citations omitted); see Riley v. St. Louis

---

[1] Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

3

County of Mo., 153 F.3d 627, 629 (8th Cir. 1998); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard legal conclusions that are couched as factual allegations. Id. at 678-81. Likewise, a Court need not accept as true wholly conclusory allegations couched as facts. Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999); see Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004).

Lastly, while the Court is required to construe the content within Plaintiff's pleadings liberally as he is proceeding pro se, plaintiff is nevertheless bound by applicable procedural and substantive law. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Indeed, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

### B. Analysis

Plaintiff alleged in the Complaint one incident of excessive force but fails to provide a specific date of when it occurred, providing only that the incident occurred "so long ago." Plaintiff also concedes that he cannot remember the year, and in his opposition, refused to provide the incident date, asserting instead that the date is "essentially immaterial" because this case involves "ongoing customs." (Complaint, [Docket No. 1], at p. 6; Plf.'s Opp., [Docket No. 24], at p. 2). However, the incident date is necessary to determine the plausibility of his Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring a plaintiff to include in the complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief.").

It is well established that a municipality may only be found liable under § 1983 "for its own torts, not the torts of its employees." Soltesz v. Rushmore Plaza Civic Center, 847 F.3d 941, 947 (8th Cir. 2017) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Section 1983 liability for a constitutional violation may only attach to a municipality if the violation resulted from (1) an "official municipal policy," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)[;] (2) an unofficial "custom," Id.; or (3) a deliberately indifferent failure to train or supervise. See City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

Here, Plaintiff's failure to provide any date whatsoever renders Defendant Beltrami County unable to determine who the county officials were at that time or which customs, or policies were in effect, essentially depriving it from "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555.  While Plaintiff, who is pro se, is held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), he must still present a plausible claim for relief.  See Iqbal, 556 U.S. at 679.  Therefore, Plaintiff's failure to provide an incident date warrants dismissal of the Complaint as pled against Defendant Beltrami County.  See Peppin v. Bodie-Miner, No. CV 16-1320 (ADM/JSM), 2016 WL 7368194, at *6 (D. Minn. Nov. 29, 2016), report and recommendation adopted, No. CV 16-1320 (ADM/HB), 2016 WL 7366082 (D. Minn. Dec. 19, 2016) (dismissing pro se plaintiff's Eighth Amendment claims under Twombly and Iqbal because the conclusory allegations that the defendant officers refused him basic needs "'on many occasions' . . . [was] largely devoid of factual detail, and fail[ed] to provide adequate notice . . . of the grounds for his claims.").

However, assuming solely for the sake argument that Plaintiff had provided an incident date, Plaintiff still fails to state a plausible Monell claim against Defendant Beltrami County.

5

Plaintiff alleges that Defendant Beltrami County failed to supervise or train Defendants Kasper and Coyle, had knowledge or should have known that Defendant Kasper was being referred to as "Taser Tom," and had an unlawful policy or custom of "protecting those of authority." However, even considering Plaintiff's Complaint liberally as a whole, taking all factual allegations as true, construing those facts in the light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has failed to identify a specific official municipal policy or unofficial custom which caused the alleged constitutional violations. Indeed, the mere invocation of the words "policies" and "customs" is insufficient to plead a Monell claim where his Complaint contains no factual allegations that would support that claim. See Milliman v. Stearns, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *12, n. 24 (D. Minn. Aug. 12, 2013), report and recommendation adopted, 2013 WL 5426049 (D. Minn. Sept. 26, 2013).

Nor has Plaintiff pled facts sufficient to support a plausible claim that the constitutional violations he alleges in his Complaint resulted from a deliberately indifferent failure to train or supervise. See Anderson v. St. Luke's Hosp., No. 19-CV-106 (MJD/LIB), 2019 WL 7882118, at *15 (D. Minn. Nov. 19, 2019), report and recommendation adopted, No. CV 19-106 (MJD/LIB), 2020 WL 256176 (D. Minn. Jan. 17, 2020).

Further, to the extent Plaintiff alleges that Defendant Beltrami County had knowledge or should have known that Defendant Kasper engaged in a pattern of behavior, which purportedly earned him the nickname, "Taser Tom," a single officer engaging in behavior does not sufficiently support a plausible claim that there was "a continuing, widespread, persistent pattern of unconstitutional misconduct" by employees of the Beltrami County Jail. See Smith v. Watkins, 159 F.3d 1137, 1138 (8th Cir. 1998) (noting two specific complaints and various rumors about an officer were not sufficient to establish a policy or custom of condoning unconstitutional conduct);

6

Ulrich v. Pope Cnty., 715 F.3d 1054, 1061 (8th Cir. 2013) (holding that a plaintiff must allege facts beyond his or her own experience). Moreover, Plaintiff does not allege in his Complaint that Defendant Kasper himself was a policymaking official or that other policymaking officials had "notice" of Defendant Kasper's pattern of behavior and showed deliberate indifference to or tacitly approved of such a custom. See Williams v. Butler, 863 F.2d 1398, 1401 (8th Cir. 1988) ("[O]nly officials possessing final policymaking authority can subject a municipality to § 1983 liability.") (citing Monell, 475 U.S. at 483).

Therefore, for the reasons stated above, the Court finds that Plaintiff has failed to plead specific facts sufficient to support a plausible claim that the purported constitutional violations he alleges in his Complaint resulted from either (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.

Accordingly, the undersigned recommends the Defendant Beltrami County's Motion to Dismiss, [Docket No. 21], be **GRANTED**. The undersigned further recommends that Plaintiff's claims against Defendant Beltrami County be **DISMISSED** without prejudice.

The Court notes that one additional issue warrants discussion—service as to Defendants Kasper and Coyle.

Along with filing his Complaint, Plaintiff filed an application to proceed in forma pauperis ("IFP"). [Docket No. 2]. In the Order granting Plaintiff's IFP Application, Plaintiff was directed to submit Marshal Service Forms for Defendants Kasper and Coyle. [Docket No. 3]. The Court then directed the Clerk's Office to seek waivers of service from these individual defendants upon Plaintiff's submission of the required Marshal Service Forms. (Id.). The United States Marshal Service was also directed to personally serve Defendants Kasper and Coyle if they failed to waive service of process within thirty (30) days of the date that their waiver was mailed. (Id.).

7

Thereafter, Plaintiff submitted a Marshal Service Form for Defendants, providing address information for each defendant as "Beltrami County Jail, 626 Minnesota Ave NW Bemidji MN 55601." [Docket No. 7]. The Clerk's Office then sought waivers of service from Defendants Kasper and Coyle; however, their waivers were returned unexecuted because they were no longer employed at the Beltrami County Jail. [Docket Nos. 8-9].

On July 11, 2022, Plaintiff filed a document which he entitled "Request [for] Assistance with Service of Complaint." [Docket No. 20]. In this short document, Plaintiff noted that he had not received notice of service of process being effectuated upon Defendants Coyle and Kasper, and he indicated that he "need[ed] the help of the Court in this matter please." [Docket No. 20].

On July 12, 2022, the Court found Plaintiff's request seeking assistance in effectuating service upon Defendants Kasper and Coyle moot because the Marshal Service was already directed to effectuate service once they received from Plaintiff the requisite address information for the defendants (the "July 12th Order"). [Docket No. 21, at pp. 3-4]. The Court then directed Plaintiff to submit updated and accurate Marshal Service Forms for Defendants Kasper and Coyle if he still wished for the Marshal Service to effectuate service upon Defendant Coyle, Defendant Kasper, or both. (Id. at p. 4). However, Plaintiff was forewarned that if he failed to provide the information to effect proper service, then the Court would recommend that this action as alleged against Defendants Kasper and Coyle be dismissed without prejudice for a failure to effect proper service. (Id. at p. 4); see also Fed. R. Civ. P. 4(m) (providing that the Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

8

Thereafter, Plaintiff submitted an updated Marshal Service Form for Defendants Kasper and Coyle, providing address information for each defendant as "613 Minnesota Ave NW, Bemidji, MN 56601," which is the address for the Beltrami County Sheriff's Office. [Docket Nos. 22, 23]. In these forms, Plaintiff appeared to be seeking assistance from "Beltrami County Sheriff's Office, Civil Process Dept." because there was "[n]o known address" for the individual defendants, who were "[f]ormer BCJ employee[s]." [Docket Nos. 22, 23]. However, Defendants Kasper and Coyle's waivers of service were returned unexecuted because they were no longer employed at the Beltrami County Sheriff's Office. [Docket Nos. 8-9]. To date, neither Defendant Kasper nor Defendant Coyle have been served with a summons and a copy of the Complaint.

The Court finds that Plaintiff has failed to abide by the terms of the Court's July 12th Order. While Plaintiff did provide updated address information on the Marshal Service Forms for Defendant Kasper and Defendant Coyle, he was well aware when he submitted these forms that the address provided (Beltrami County Sheriff's Office) was Defendants Kasper and Coyle's prior employer, and therefore, was an improper service address.

Because the Court previously forewarned Plaintiff of the potential consequences of failure to abide by the July 12th Order, the Court now recommends that this action as alleged against Defendants Kasper and Coyle be **DISMISSED**, without prejudice, for Plaintiff's failure to comply with the July 12th Order, [Docket No. 21]; for failure to effect proper service; and for lack of prosecution. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant Beltrami County's Motion to Dismiss, [Docket No. 12], be **GRANTED**, as set forth herein;

2. Plaintiff's claims against Defendants Tom Kasper and Troy Coyle be **DISMISSED**, without prejudice, for repeated failure to effect service; and

3. Plaintiff's Complaint be **DISMISSED** in its entirety without prejudice.

Dated: September 27, 2022
s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).